# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LORALEE R. GLASER,**

    **Plaintiff,**

    v.                                                                                       Case No. 14-CV-265

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO PROCEED *IN FORMA PAUPERIS*

        The plaintiff, Loralee R. Glaser ("Glaser"), seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), of the Commissioner of the Social Security Administration's (the "Commissioner") decision denying her application for Social Security Disability and Supplemental Security Income benefits. (Docket # 1.) This matter comes before the Court on Glaser's motion for leave to proceed *in forma pauperis* (Docket # 4.) From Glaser's affidavit, I conclude that she is unable to pay the fees and costs of starting this lawsuit. Further, the complaint is not legally frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not seeks monetary relief against a defendant who is immune from such relief. Thus, Glaser's motion for leave to proceed *in forma pauperis* shall be granted.

## ALLEGATIONS OF FACT

        In her petition and affidavit to proceed *in forma pauperis*, Glaser states that she is unmarried. She reports an average monthly income of $490.00 (which consists of back child support that will end

later this year) and has no vehicle; residence; cash, checking, or savings account; intangible assets; or any other valuable property. (Docket # 4 at 2-5.) She states she has monthly expenses of $657.00. (*Id.* at 5.)

In her complaint, Glaser alleges that the Administrative Law Judge ("ALJ") found she was not disabled. Glaser alleges, among other claims, that the ALJ's decision is "not supported by substantial evidence" and that the decision is "contrary to law and regulation." (Docket # 1 at 2.)

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a).

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on Glaser's affidavit summarized above, I am satisfied that she is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Glaser's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint alleges that the Commissioner denied Glaser Social Security Disability and Supplemental Security Income benefits and that plaintiff is appealing from a final administrative decision. (Docket # 1 at 1.) Plaintiff further alleges that this appeal is commenced within the time permitted by the Appeals Council. (*Id.*) Glaser has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. Thus, Glaser states a claim upon which relief may be granted.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The complaint alleges that the Commissioner's decision denying Glaser benefits is not supported by substantial evidence and is contrary to law and regulation. (Docket # 1 at 2.) The Court

has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case; thus, it would be inappropriate for the Court to decide at this early juncture that Glaser's claim has no basis in either fact or law. Therefore, the Court finds that there may be a basis in law or in fact for Glaser's appeal of the Commissioner's decision and that her appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. The Court will, therefore, grant the plaintiff's motion for leave to proceed *in forma pauperis*.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 4) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 4th day of April, 2014.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge